UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


STATE FARM FIRE AND CASUALTY
COMPANY, an Illinois corporation,

       Plaintiff,                                 Civil No. 05-201-ST

     v.                                    O R D E R

LELAND CECIL TEYEMA, and PHYLLIS
LORENE ELDER nka STEVIE NAVARRE,

       Defendants.


HAGGERTY, Chief Judge:

      Magistrate Judge Stewart issued a Findings and Recommendation (Doc. # 12)

recommending that defendant Elder's Motion to Dismiss (Doc. # 8) should be granted (albeit on

grounds other than those advanced by Elder), the court should declare *sua sponte* that plaintiff

State Farm has a duty to defend defendant Teyema, and that State Farm's possible duty to

indemnify should be addressed at a later date.  Objections to the Findings and Recommendation

were filed by plaintiff, and the matter was referred to this court for review.


1  -- ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the Record of the case. For the following reasons, the Findings and Recommendation is adopted in part and the Objections are sustained in part.

BACKGROUND

The Magistrate Judge reviewed this case's background thoroughly in the Findings and Recommendation and the facts need be recited only briefly here. Defendant Elder filed a Complaint in the Circuit Court of the State of Oregon for Multnomah County against defendant Teyema, alleging that on October 25, 2002, Teyema negligently pushed her, causing permanent injuries.

Teyema tendered defense of this action to plaintiff State Farm. Consequently, State Farm filed this declaratory action in this court, asserting that it had no duty to defend or indemnify its insured, Teyema, against Elder's suit. State Farm's Motion for Entry of Default against defendant Teyema, who had failed to timely appear, was granted in April 2005. Co-defendant Elder acknowledged service, however, and has moved to dismiss State Farm's declaratory action.

Teyema previously purchased a Homeowner's Insurance Policy from State Farm. The terms of this policy set out certain duties for the homeowner, including requirements that Teyema "cooperate with [State Farm];" and provide written notice that sets forth reasonably available information on the time, place, and circumstances of the incident giving rise to State Farm's

2 -- ORDER

possible liability. Moreover, the policy provides that intentionally concealing or misrepresenting any material fact or circumstance relating to this insurance, whether before or after a loss, voids the policy. Complaint, Exhibit B, pp. 24 & 30.

State Farm contends in its Complaint that Teyema misrepresented material facts relating to this incident because he presented differing accounts of how Elder was injured. On August 4, 2003, Teyema gave a recorded statement stating he brushed against Elder accidentally, causing her to fall. Twenty-six days later Teyema allegedly told State Farm that his recorded statement was not truthful, that he and Elder were drunk and fighting, and that he had pushed her intentionally. Shortly after providing that account, on September 2, 2003, Teyema allegedly called State Farm and re-stated his recollection that Elder's fall had been an accident.

On December 31, 2003, Teyema allegedly contacted State Farm and said he wanted to "come clean with the truth," but on January 4, 2004, Teyema allegedly again told State Farm that the incident with Elder had been an accident. On July 23, 2004, Teyema gave another recorded statement to State Farm acknowledging that he had pushed Elder, causing her to fall.

Because of these conflicting accounts, State Farm asserts that Teyema has misrepresented material facts in breach of his policy, voiding the policy. Accordingly, State Farm filed this federal action asserting that it no longer has a duty to defend or indemnify Teyema.

As noted above, in this federal action State Farm's Motion for Entry of Default against Teyema was granted, and Elder filed a Motion to Dismiss on grounds that the underlying action (her suit against Teyema) alleged negligent or reckless conduct that fell within the scope of Teyema's policy with State Farm.

Magistrate Judge Stewart recommended that Elder has no standing to seek dismissal of State Farm's "no duty to defend" claim against Teyema, because she is not a proper party to the

insurance at issue.  Findings and Recommendation at 4.  However, the Findings and

Recommendation concluded that State Farm's "no duty to defend" claim should be dismissed *sua*

*sponte* on other grounds.

After examining Oregon law, the Findings and Recommendation concluded that a court

may look only to the insured's Complaint and the policy at issue to determine whether a duty to

defend exists.  Findings and Recommendation at 5.  The Findings and Recommendation reasoned

that State Farm's factual allegations concerning why Teyema may have voided the policy "are

outside the allegations of Elder's complaint and therefore are beyond the realm of inquiry that

Oregon law allows."  Findings and Recommendation at 6.

ANALYSIS

At the outset, this court first addresses the conclusion in the Findings and

Recommendation that State Farm failed to properly state a claim against Elder, because Elder is a

third party asserting a claim against State Farm's insured.  The Oregon Supreme Court has

addressed this issue:

> We agree with the Tenth Circuit's discussion of the propriety of
> joining potential third party claimants:  " * * * The purpose of the
> declaratory judgment action is to settle actual controversies before
> they have ripened into violations of law or legal duty or breach of
> contractual obligations.  In declaratory actions brought to determine
> coverage under insurance policies issued to protect the insured
> against liability to third persons, third persons asserting such
> liability have been held to be proper parties to a declaratory
> judgment proceeding, although their claims against the insurer are
> contingent upon recovery of a judgment against the insured. * * * "
> *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 658 (10th Cir.
> 1946).
>
> The United States Supreme Court has held that in an action by an
> insurance company to determine its liability under a liability
> insurance policy, third parties asserting claims against the insured

> are proper parties.  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312
> U.S. 270, 273-74 (1941).

*State Farm Fire and Cas. Co. v. Reuter*, 657 P.2d 1231, 1233-34 (Or. 1983).  Accordingly, State

Farm has a right to have its obligations to Elder determined, and has named Elder as a co-

defendant properly.

However, for reasons stated below, federal jurisdiction is declined in this matter.  In its

Objections, State Farm acknowledges that the Findings and Recommendation applies the correct

legal analysis for determining whether a party's Complaint states a claim that is potentially

covered by the insurance policy at issue.  The parties do not dispute that when resolving whether

an insurer has a duty to defend a tort claim on behalf of its insured, "the court looks only at the

facts alleged in the complaint to determine whether they provide a basis for recovery that could be

covered by the policy."  *N. Pac. Ins. Co. v. Wilson's Distrib. Serv, Inc.*, 908 P.2d 827, 830 (Or.

App. 1995), *review denied*, 916 P.2d 312 (Or. 1996) (quotation omitted).

In *Wilson's*, "[t]he basic question presented [was] whether an insurer may avoid its duty to

defend by developing evidence in a declaratory judgment proceeding, commenced before the

underlying action is concluded, to show that its policy does not cover the claim being asserted in

the underlying tort action."  *Id*. at 829.

Here, however, the Complaint filed by State Farm presents a different question.  State

Farm does not contest whether Elder's Complaint states a claim that is potentially within the scope

of the policy's coverage.  Instead, State Farm seeks a declaration from this court that Teyema

breached a condition of the policy, thereby voiding the policy in its entirety and eliminating any duty on the part of State Farm to defend or indemnify Teyema.[1]

Although no challenges have been raised regarding this court's jurisdiction to entertain State Farm's Declaratory Judgment Act claims, it is nevertheless good practice to make an express determination as to jurisdiction. *See Gov. Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226-27 (9th Cir.1998) (en banc) (district court should expressly consider whether a properly filed declaratory judgment action should be entertained and record its reasons for doing so).

The court in *Dizol* addressed these jurisdictional concerns:

> The Declaratory Judgment Act embraces both constitutional and prudential concerns. A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution . . . . It must also fulfill statutory jurisdictional prerequisites . . . . If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.

---

[1] A breach of a cooperation clause is a complete defense. *See Mosley v. Allstate Ins. Co.*, 996 P.2d 513, 517 (Or. App. 2000) ("Plaintiffs had, as do all insureds, a duty to cooperate with defendant in the processing of their claim. If that duty is breached, the insurer may have a complete defense to coverage"); *see also Stumpf v. Continental Cas. Co.*, 794 P.2d 1228, 1233 (Or. App. 1989) ("An insured's breach of the policy's cooperation clause, if proved, would provide a complete bar to recovery."). Oregon law regarding cooperation clause breaches is not extensive. Clearly, invoking the "complete defense" arising from an alleged breach of a cooperation clause poses hurdles for the insurer – both the United States Court of Appeals for the Ninth Circuit and the United States District Court for the District of Oregon have held that under the law of Oregon for such cases, prejudice to the insurer must be shown. *Bailey v. Universal Underwriters Ins. Co.*, 474 P.2d 746,755 (Or. 1970) ("we now expressly recognize the rule that in order for non-cooperation to provide a defense, whether by a named insured or by a person who becomes an insured under the terms of the insurance policy, the insurance company has the burden to plead and prove that it has suffered prejudice as a result"), citing *Pac. Indem. Co. v. McDonald*, 107 F.2d 446, 450 (9th Cir. 1939); *Tierney v. Safeco Ins. Co. of Am.*, 216 F. Supp. 590 (D. Or. 1963).

*Id*. at 1222-23 (citations, footnote, and internal quotation omitted).

As to the first requirement, the Ninth Circuit has held consistently "that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement." *Id*. at 1222 n. 2. The requisite "case or controversy" exists whenever an insurer brings a declaratory judgment action regarding its duty to defend and indemnify. *See, e.g., American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). This is precisely the kind of action State Farm asserts here.

There also is complete diversity between the parties and the amount in controversy is more than $75,000. Thus, statutory jurisdiction is proper under 28 U.S.C. § 1332(a).

However, "'ordinarily' federal courts should abstain from exercising their jurisdiction in a declaratory judgment action over disputes between insurance companies and their insureds in which the merits must be decided under state law." *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1424 (9th Cir. 1997) (quoting and citing *Brillhart v. Excess Insurance Co. of Am.*, 316 U.S. 491, 495), *overruled on other grounds in Dizol*, 133 F.3d at 1227.

In determining whether entertaining the declaratory judgment action is appropriate, the factors from *Brillhart* "remain the philosophic touchstone for the district court." *Dizol*, 133 F.3d at 1220. These factors are:

(1) avoiding needless determinations of state law issues;

(2) discouraging litigants from filing declaratory actions as a means of forum shopping; and

(3) avoiding duplicative litigation.

*Id*.

In addition, other considerations may be relevant:

(4)     whether the declaratory action will settle all aspects of the controversy;

(5)     whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue;

(6)     whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage;

(7)     whether the use of a declaratory action will result in entanglement between the federal and state court systems;

(8)     the convenience of the parties; and

(9)     the availability and relative convenience of other remedies.

*Id*. at 1225 n. 5.

The presence of "parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed" gives rise to a "presumption that the entire suit should be heard in state court." *Id*. at 1225. However, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id*. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id*.

Nonetheless, federal courts should generally decline to entertain reactive declaratory actions. *Id*.; *see also Home Indem. Co. v. Stimson Lumber Co.*, 229 F. Supp.2d 1075, 1079-80 (D. Or. 2001).

The Findings and Recommendation at issue correctly recognizes that State Farm's duty to defend exists unless and until a challenge to that duty – such as the complete defense asserting a cooperation clause breach – is established successfully. A more fundamental question presented by Elder's motion, however, is "whether the questions in controversy between the parties to the

federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995) (quoting *Brillhart*, 316 U.S. at 495). Moreover, under the Declaratory Judgment Act, this court has "substantial discretion" to decline to exercise jurisdiction over a declaratory action. *Id.*

After considering the factors enumerated above, this court concludes that federal jurisdiction should be declined in this matter. State Farm's federal Complaint presents a straightforward challenge to the validity of the policy at issue, on specific grounds that Teyema misrepresented material facts regarding the incident that gives rise to possible liability. Declining federal jurisdiction under these circumstances eliminates any appearance of possible forum shopping on the part of State Farm; avoids the specter of duplicative litigation in this court and the Circuit Court of the State of Oregon for Multnomah County; diminishes the likelihood of any entanglement between these federal and state court systems; and increases the convenience of the parties by permitting the complete adjudication of this matter before one venue. For these reasons, federal jurisdiction is declined and this matter is dismissed.

CONCLUSION

For the reasons provided above, the Findings and Recommendation (Doc. # 12) is ADOPTED IN PART, and plaintiff State Farm's objections are SUSTAINED IN PART. Defendant Elder is not dismissed as an improper party to this action, but Elder's Motion to Dismiss (Doc. # 8) is denied as moot on grounds that federal jurisdiction must be declined in this matter. Resolution of whether State Farm has a duty to defend and indemnify Teyema, or whether Teyema's conduct has rendered the policy in question void, is reserved for adjudication within the

parameters of the ongoing proceedings in the Circuit Court of the State of Oregon for Multnomah County.

IT IS SO ORDERED.

Dated this _15_ day of September, 2005.

_/s/Ancer L.Haggerty_

–

Ancer L. Haggerty
United States District Judge